IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

MATTFI ABRUSKA,

           Plaintiff,

v.

D.O.C. ALASKA MEDICAL MALPRACTICE,

           Defendant.

Case No. 3:24-cv-00135-SLG

## **ORDER RE DEFICIENT FILINGS**

On June 27, 2024, self-represented prisoner Mattfi Abruska ("Plaintiff") filed a civil complaint for "medical malpractice[,]" a civil cover sheet, and an incomplete application to proceed without prepaying the filing fee.[1] Plaintiff does not include any facts in the claims sections of the Complaint or any specific requests for relief. Instead, he includes 15 pages of records from the Alaska Department of Corrections ("DOC"). Liberally construed, Plaintiff appears to be alleging that DOC did not provide him adequate medical care in violation of the Eighth Amendment to the United States Constitution.[2] However, Plaintiff's filings are deficient.

---

[1] Dockets 1-3.

[2] As explained by the United States Supreme Court, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

To properly commence a civil action, a litigant must file a complaint, a civil cover sheet, and either pay the filing fee of $405.00, or file a completed application to waive prepayment of the filing fee.[3] A court may not simply waive prepayment of costs and fees, it must review an application and financial affidavit in order to make an appropriate factual finding. Prisoner litigants requesting to waive prepayment of the filing fee must include a statement from their prison trust account for the past six months.[4] Federal law only allows prisoners to waive *prepayment* of the fees associated with civil lawsuits.[5] Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[6] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order on the collection of the filing fee. This action is deficient because Plaintiff has not paid the filing fee or filed a completed application to waive prepayment of the fee with a statement from his prison trust account for the past six months.

Additionally, to state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought."[7] While a complaint need not, and should not, contain every

---

[3] Local Civil Rule 3.1.

[4] Local Civil Rule 3.1(c)(3).

[5] 28 U.S.C. § 1915(a)-(b).

[6] 28 U.S.C. § 1915(b)(1)&(2).

[7] Rule 8(a), Federal Rules of Civil Procedure.

Case No. 3:24-cv-00135-SLG, *Abruska v. D.O.C. Alaska Medical Malpractice*
Order re Deficient Filings
Page 2 of 5
Case 3:24-cv-00135-SLG   Document 4   Filed 07/02/24   Page 2 of 5

factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[8] A complaint is insufficiently pled if it offers "naked assertions devoid of further factual enhancement."[9] A federal court cannot act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim,[10] and it is not the Court's responsibility to review exhibits to identify possible claims. A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.[11] Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what he is being sued for."[12]

Further, a defendant in a civil rights lawsuit must be a "person."[13] The State of Alaska and state agencies, such as DOC, are not considered "persons" under 42 U.S.C. § 1983.[14] The Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of

---

[8] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[9] *Id.* (internal quotation marks and citation omitted).

[10] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[11] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[12] *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996)

[13] 42 U.S.C. § 1983.

[14] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).

Case No. 3:24-cv-00135-SLG, *Abruska v. D.O.C. Alaska Medical Malpractice*
Order re Deficient Filings
Page 3 of 5
Case 3:24-cv-00135-SLG   Document 4   Filed 07/02/24   Page 3 of 5

the state" (the State's governmental branches, divisions, offices, and departments), unless the state or agency agrees to waive its immunity.[15]

If Plaintiff seeks to pursue a civil rights case, he must file a complaint that complies with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders. Although handwritten filings are permitted, they must be legible and be the equivalent to at least 13-point font size with spacing between each line.[16]

To assist self-represented prisoners in filing a complaint that complies with applicable court rules, the District of Alaska has prepared a form complaint for this purpose; a copy of this form is included with this order. Plaintiff must not simply attach exhibits as a substitute for presenting factual allegations in the body of a complaint. Rather, he must state each claim separately and include the underlying facts that support each claim. Specifically, a complaint should identify: (1) the specific injury that the plaintiff is alleging has occurred, (2) when that injury occurred, (3) where that injury was caused, and (4) who the plaintiff is alleging caused that specific injury.[17]

**IT IS THEREFORE ORDERED:**

1.  Plaintiff's incomplete Application to Waive Prepayment of the Filing fee at Docket 3 is DENIED without prejudice to refiling a complete application.

---

[15] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

[16] Local Civil Rule 7.5.

[17] *See* Fed. R. Civ. P. 9 and 10.

Plaintiff must either pay the filing fee of $405.00 or file a completed application to waive prepayment of the filing fee within **30 days of the date of this order.** The application to waive prepayment of the filing fee must be completed, signed, and include a copy of the prisoner's trust account statement and include a copy of the prisoner's trust account statement for the past six months.

2. If Plaintiff fails to pay the filing fee or file an application to waive prepayment in accordance with this order, this case will be dismissed without further notice to Plaintiff.

3. The Complaint filed at Docket 1 is DISMISSED for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. Plaintiff may file an amended complaint in conformance with the applicable rules of court within **30 days of the date of this order.** If Plaintiff fails to file an amended complaint within 30 days of the date of this order, this case will be terminated without further notice to Plaintiff.

4. The Clerk of Court shall include a copy of form PS01 (Prisoner Civil Rights Complaint) and form PS10 (Prisoner's Application to Waive Prepayment of the Filing Fee) with this order.

DATED this 2nd day of July 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00135-SLG, *Abruska v. D.O.C. Alaska Medical Malpractice*
Order re Deficient Filings
Page 5 of 5
Case 3:24-cv-00135-SLG   Document 4   Filed 07/02/24   Page 5 of 5