# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MATTFI ABRUSKA,<br><br>                   Plaintiff,<br><br>    v.<br><br>D.O.C. ALASKA MEDICAL MALPRACTICE,[1]<br><br>                   Defendant. | Case No. 3:24-cv-00135-SLG |

## NOTICE OF INTENT TO DISMISS AND ORDER DENYING APPOINTMENT OF COUNSEL

On June 27, 2024, self-represented prisoner Mattfi Abruska ("Plaintiff") filed a civil complaint for "medical malpractice[,]" a civil cover sheet, and an incomplete application to proceed without prepaying the filing fee.[2] On July 2, 2024, the Court issued an order notifying Plaintiff that his filing was deficient and gave him 30 days to either pay the filing fee of $405.00 or file a completed application to waive prepayment of the filing fee. The Court also dismissed Plaintiff's Complaint filed at Docket 1 for failure to state a claim upon which relief may be granted and gave Plaintiff 30 days to file an amended complaint.[3]

---

[1] A defendant in a civil rights lawsuit must be a "person." 42 U.S.C. § 1983. The State of Alaska and state agencies, such as DOC, are not considered "persons" under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).

[2] Dockets 1-3.

[3] Docket 4.

On August 13, 2024, Plaintiff filed a hand-written paper requesting appointment of counsel. He also appears to assert that he was denied certain medication by his "medical provider."[4] On September 17 and September 25, 2024, Plaintiff filed additional papers and a letter.[5] On September 25, 2024, Plaintiff filed a second request for the appointment of counsel.[6]

### Filing Fee or Application to Waive Prepayment

To date, Plaintiff has not paid the filing fee nor completed an application to waive prepayment of the filing fee. The Court is providing Plaintiff with an additional 30 days from the date of this order. Therefore, Plaintiff must either pay the filing fee of $405.00 or file a completed application to waive prepayment of the filing fee within **30 days of the date of this order.** The application to waive prepayment of the filing fee must be completed, signed, *and include a copy of the prisoner's trust account statement for the past six months.* Along with this order, the Clerk of Court will provide Plaintiff with a second Prisoner's Application to Waive Prepayment of the Filing Fee.

### Amended Complaint

Liberally construed, the hand-written papers Plaintiff filed at Dockets 6–9 appear to challenge the medical care he is receiving while in custody. Even if

---

[4] Docket 5.

[5] Dockets 6–9.

[6] Docket 10.

Case No. 3:24-cv-00135-SLG, *Abruska v. D.O.C. Alaska Medical Malpractice*
Notice of Intent to Dismiss and Order Denying Motion to Appoint Counsel
Page 2 of 6
Case 3:24-cv-00135-SLG   Document 11   Filed 10/07/24   Page 2 of 6

taken together, these papers do not constitute an amended complaint. If Plaintiff seeks to pursue a civil rights case, he must file a complaint that complies with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders. Although handwritten filings are permitted, they must be legible and must be the equivalent to at least 13-point font size with spacing between each line.[7]

To assist self-represented prisoners in filing a complaint that complies with applicable court rules, the District of Alaska has prepared a form complaint for this purpose; a copy of this form is included with this order. Plaintiff must not simply attach exhibits as a substitute for presenting factual allegations in the body of a complaint. Rather, he must state each claim separately in the complaint and include the underlying facts that support each claim. Specifically, each claim in a complaint should identify: (1) the specific injury that the plaintiff is alleging has occurred, (2) when that injury occurred, (3) where that injury was caused, and (4) who the plaintiff is alleging caused that specific injury.[8] Plaintiff must also name a person as a defendant in any amended complaint he may file. "D.O.C. Alaska Medical Malpractice" is not a valid party and must not be named in an amended complaint.

---

[7] Local Civil Rule 7.5.

[8] *See* Fed. R. Civ. P. 9 and 10.

Case No. 3:24-cv-00135-SLG, *Abruska v. D.O.C. Alaska Medical Malpractice*
Notice of Intent to Dismiss and Order Denying Motion to Appoint Counsel
Page 3 of 6
Case 3:24-cv-00135-SLG   Document 11   Filed 10/07/24   Page 3 of 6

## Appointment of Counsel

At Dockets 5 and 10, Plaintiff requests the appointment of an attorney. A litigant has no right to an appointed attorney in a federal civil action.[9] Pursuant to 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel." However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary and granted only in exceptional circumstances.[10] Further, although Section 1915(e)(1) permits a court to request an attorney represent any person unable to afford counsel, the Court cannot force an attorney to accept a case. The Court can only appoint an attorney who volunteers to represent a litigant.

Here, Plaintiff has not demonstrated a likelihood of success on the merits. Further, it appears that Plaintiff might be able to adequately articulate his claims, even if those claims are not viable causes of action under 42 U.S.C. §1983. Further, although Section 1915(e)(1) permits a court to request a volunteer attorney, this Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff. If a volunteer attorney comes forward to accept this case, the Court may appoint counsel at that time. For these reasons,

---

[9] *See Turner v. Rogers*, 564 U.S. 431, 441, 131 S.Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[10] *Palmer,* 560 F.3d at 970 ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (citations omitted).

Case No. 3:24-cv-00135-SLG, *Abruska v. D.O.C. Alaska Medical Malpractice*
Notice of Intent to Dismiss and Order Denying Motion to Appoint Counsel
Page 4 of 6

Case 3:24-cv-00135-SLG   Document 11   Filed 10/07/24   Page 4 of 6

Plaintiff's motions for court-appointed counsel at Dockets 5 and 10 are **DENIED without prejudice.**

**IT IS THEREFORE ORDERED:**

1. Plaintiff must either pay the filing fee of $405.00 or file a completed application to waive prepayment of the filing fee within **30 days of the date of this order.** The application to waive prepayment of the filing fee must be completed, signed, and include a copy of the prisoner's trust account statement for the past six months. If Plaintiff fails to pay the filing fee or file an application to waive prepayment in accordance with this order, this case will be dismissed without further notice to Plaintiff.

2. Plaintiff may file an amended complaint in conformance with the applicable rules of court and this order within **30 days of the date of this order.** If Plaintiff fails to file an amended complaint within 30 days of the date of this order, this case will be terminated without further notice to Plaintiff.

3. Plaintiff's motions for court-appointed counsel at Dockets 5 and 10 are **DENIED without prejudice.**

4. All other pending motions are **DENIED as moot.**

5. The Clerk of Court shall include a copy of form PS01 (Prisoner Civil Rights Complaint) and form PS10 (Prisoner's Application to Waive Prepayment of the Filing Fee) with this order.

Case No. 3:24-cv-00135-SLG, *Abruska v. D.O.C. Alaska Medical Malpractice*
Notice of Intent to Dismiss and Order Denying Motion to Appoint Counsel
Page 5 of 6
Case 3:24-cv-00135-SLG   Document 11   Filed 10/07/24   Page 5 of 6

DATED this 7th day of October 2024, at Anchorage, Alaska.

                                                        */s/ Sharon L. Gleason*
                                                        SHARON L. GLEASON
                                                        UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00135-SLG, *Abruska v. D.O.C. Alaska Medical Malpractice*
Notice of Intent to Dismiss and Order Denying Motion to Appoint Counsel
Page 6 of 6
Case 3:24-cv-00135-SLG   Document 11   Filed 10/07/24   Page 6 of 6